**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DANIEL ANITA,

      Defendant-Appellant.

No. 07-3359
(D.C. No. 2:06-CR-20160-JWL-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Daniel Anita pleaded guilty to violating 21 U.S.C. § 846 (conspiracy to distribute cocaine; possession of cocaine with intent to distribute). Under the terms of his plea agreement, Mr. Anita waived "any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." Mot. to Enforce, Ex. 1 (Plea Agreement) at 9, para. 13. The district court formulated a sentencing range of 135 to 168 months and imposed the maximum

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence of 168 months. Despite waiving his appellate rights, Mr. Anita appealed, prompting the government to file a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We now grant the government's motion to enforce and dismiss the appeal.

Under *Hahn*, we will enforce an appeal waiver if: (1) "the disputed appeal falls within the scope of the waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* A miscarriage of justice occurs when (1) the district court relies on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, i.e., the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327.

In his response to the government's motion to enforce, Mr. Anita initially claims his appeal does not fall within the scope of his appeal waiver because the waiver is ambiguous. The source of that ambiguity, he contends, is that the appeal waiver alerted him to 18 U.S.C. § 3742, which afforded him the right to appeal his conviction and sentence, but failed to reference 28 U.S.C. § 1291, which also confers jurisdiction over sentencing appeals. He claims the failure to reference this alternative basis of appellate jurisdiction renders his appeal waiver

ambiguous. This is a frivolous argument. Section 1291 confers no substantive appellate rights on Mr. Anita that he could waive. The statute simply provides the courts of appeals with statutory subject matter jurisdiction "from all final decisions of the district courts." 28 U.S.C. § 1291. The omission of language in the appeal waiver concerning § 1291 does not render the waiver ambiguous.

Mr. Anita also contends that enforcing his appeal waiver would constitute a miscarriage of justice because the district court improperly enhanced his sentence under U.S.S.G. § 2D1.1(b)(1) based on disputed findings concerning possession of a firearm. But this is precisely the sort of argument Mr. Anita agreed to forgo by signing the appeal waiver:

> By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

Mot. to Enforce, Ex. 1 (Plea Agreement) at 9, para. 13.

The court determined that Mr. Anita's appropriate sentencing range was 135 to 168 months: it accordingly imposed the maximum sentence within that range. The court did not depart from the applicable sentencing range such that Mr. Anita might claim his appeal falls into the exception for upward departures. Mr. Anita's contention is simply that his sentence is unlawful because the enhancement was based on contested findings and deprived him of a two-level

reduction.  But "[t]he relevant question is not whether [his] sentence is unlawful . . ., but whether . . . his appeal waiver itself [is] unenforceable." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir.).  Based on the materials before us, nothing suggests the appeal waiver is unenforceable, and Mr. Anita offers nothing compelling us to conclude otherwise.

Finally, because Mr. Anita presents no arguments under the second *Hahn* factor, we do not consider it.  *See id.* at 1143 (declining to address second *Hahn* factor where defendant did not raise any issues relating to that factor).  Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM